# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MELVERT WASHINGTON, JR., )
            Plaintiff,     )
                           )
          v.           )     Civil Action No.08-  (   )
                           )
HON. MICHAEL B. DONLEY,  )
Acting Secretary of the Air Force,  )
           Defendant,  )

## DISCHARGE REVIEW COMPLAINT

Melvert Washington, Jr., the Plaintiff, makes the following complaint seeking relief from

discharge status from the U.S. Air Force and an appeal from denial of relief from discharge status

by the U.S. Air Force Board for Correction of Military Records on 24 April 2008.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 5 U.S..C § 552a(d) and

28 U.S.C. § 1331.

2. Plaintiff's claim for relief arises under the following statutes:

a. 5 U.S.C. § 701 et seq.( the Administrative Procedure Act);

b. 5 U.S.C. § 552a(d) (Privacy Act)

c. 28 U.S.C. §2201 and 2202 (Declaratory Judgments); and

d. 10 U.S.C. §1552 and the Fifth Amendment to the Constitution of the United States.

3. The plaintiff resides in this District, therefore venue in this District is proper pursuant to

Title 28 U.S.C. §1391(c).

4. Plaintiff has exhausted all administrative remedies before the U.S. Air Force Board for Correction of Military Records and all other relevant administrative review processes available to him.

5. Plaintiff files this complaint within six years of the date of the final decision of the U.S. Air Force Board for Correction of Military Records and within two years of a final decision by the Chair of the U.S. Air Force Board for Correction of Military Records not to correct the records of the plaintiff in his custody and control.

## EXHIBITS

6. Plaintiff incorporates by reference his original application for change of discharge and addendum filed with the USAF Board for Correction of Military Records on 30 June 2005 and re-filed on with addendum on 20 August 2007 as Exhibits A through S to this Complaint. A copy of the original application which is too voluminous to attach to this Complaint is contained in the Record of Proceedings to be filed with the Court in this matter.

7. The following additional exhibits are attached, incorporated by reference and made a part of this complaint:

a   Exhibit T in 5 pages: Report of decision of U.S. Air Force Board for Correction of Military Records in the case of Melvert Washington, Jr. dated 24 April 2008.

b. Exhibit U in 2 pages: Order of the U.S. Air Force Court of Criminal Appeals dated 15 Aug 2005, served on the parties on 16 Nov. 2006;

c. Exhibit V: Letter of Thomas J. Reed to TSGT Felicia M. Butler, USAF dated 31 October 2006;

d. Exhibit W: Letter of Thomas J. Reed to TSGT Felicia M. Butler, USAF dated 8 December 2006;

e. Exhibit X: print out of e-mail correspondence between Thomas J. Reed and TSGT L. Todd Fuss USAF dated 18 Dec 2006 ;

f. Exhibit Y: Order of the U.S. Court of Appeals for the Armed Forces dated 23 January 2007;

g. Exhibit Z in 2 pages: Order of the U.S. Supreme Court denying petition for writ of Certiorari

## PARTIES

8. Plaintiff, Melvert Washington, Jr., is a citizen of the United States and of the State of Delaware, and served in the U.S. Air Force for more than 90 days beginning on 25 May 1973 and terminating on 11 September 1981. (Exhibit A at 1)

9. The Hon. Michael P. Donley is Acting Secretary of the United States Department of the Air Force. The Secretary of the Air Force is a constitutional representative of the President of the United States and is charged with the control and administration of the United States Air Force.

10. At all times material to this claim, the following persons were agents, servants and employees of the United States Department of the Air Force:

a. Phillip E. Horton, Chief Examiner, Air Force Board for Correction of Military Records, from on or about 1 September 2007 to and including 3 April 2008 (Exhibit T);

b. Ms. B. J White-Olsen, Member of the U.S. Air Force Board for Correction of Military Records on or about 20 October 2007 to and including 3 April 2008 (Exhibit T);

c. Ms. Janet I. Hassan, Member of the U.S. Air Force Board for Correction of Military Records on or about 20 October 2007 to and including 3 April 2008 (Exhibit T);

d. Ms. Yvonne T. Jackson, Member of the U.S. Air Force Board for Correction of Military Records on or about 20 October 2007 to and including 3 April 2008 (Exhibit T);

e. Loren S. Perlstein, U.S. Air Force JAG on or about 1 September 2007 to and including 3 April 2008 ;

f. Algie Walker acting Executive Director of the U.S. Air Force Board for Correction of Military Records from on or about 1 September 2007 to and including 3 April 2008


11. At all times material to this claim, the persons enumerated in paragraph (10) acted on behalf of the United States of America and on behalf of the Department of the Air Force as agents, servants and employees acting within the scope of their employment.


## ALLEGATIONS OF FACT


12. Melvert Washington, Jr., the plaintiff, enlisted in the U.S. Air Force on 25 May 1973

4

and served continuously on active duty until 15 July 1984. until discharged with a bad conduct discharge (DD 214 dtd 15 Jul 1984, Exhibit A, p. 8)

13. On or about 24 August 1981, Washington was a member of the 10th Combat Support Group, 436th Air Base Group, 10th Tactical Reconnaissance Wing, stationed at RAF Alconbury, England. (Affidavit Exhibit A)

14 . Washington was assigned to the 10th Supply Squadron as assistant NCOIC Requisitioning Unit commanded by 2Lt. Sharolyn K. Tibbets, USAF. (Affidavit Exhibit A)

15. On or about 4 November 1981, Washington was the driver of a private vehicle involved in a fatal automobile accident in which another service member died. The accident occurred in the County of Cambridgeshire, England, and not on a military reservation. (Affidavit Exhibit A)

16. On or about 4 November 1981 Washington appeared in County Court and pled guilty to driving without due care and attention and was fined £ 125 and costs. (Affidavit Exhibit A)

17. As a result of the motor vehicle accident, Washington suffered from anxiety and depression and was warned about his sub-par performance of his duties. (Affidavit Exhibit A)

18. On or about 5 February 1982, Washington was the supervisor of Airman Ivan E, Wheeler, III. On that date, Washington submitted USAFE 330 (record of counseling) for Airman

5

Wheeler, for needing a haircut and not being in accordance with IAW 35-10. (Exhibit H)

19. On or about 7 December 1981, Washington was the supervisor of Airman Maurice M. Hayes, Jr. On that date, Washington submitted USAFE 330 (record of counseling) for Airman Hayes, for needing a shave. (Exhibit I)

20. On or about 21 January 1982, Washington submitted a Letter of Admonishment to SRA Hayes, for repeated failure to report to duty on time. (Exhibit J)

21. On or about 5 February 1982, Washington submitted a second USAFE 330 (record of counseling) for Hayes, for needing a haircut. (Exhibit K)

22. Washington's superiors refused to take any action against Wheeler and Hayes after receiving the reports described in paragraphs 18,19,20 and 21. (Affidavit Exhibit A)

23. On or about 17 February 1982, Washington was stopped on his return from lunch by TSGT Bishop who cursed Washington and accused Washington of being a phony in the presence of MSGT Bishop. (Affidavit Exhibit A)

24. On or about 12 April 1982, Washington filed a formal complaint with the Inspector General of the Air Force with regard to poor morale and leadership in his unit. (Affidavit Exhibit A)

6

25. On or about 12 April 1982, at a staff conference, Maj. Bernard accused  Washington of being a trouble maker and stated he intended to get rid of Washington without a replacement. (Affidavit Exhibit A; Exhibit L)

26. On or about 19 April 1982, Washington was reassigned to a new position in his squadron, as shown by  Assignment/Personnel Change dtd 19 April 1982. (Affidavit Exhibit A)

27. On or about 13 October  1982, Washington's Commanding Officer, initiated an administrative separation for unsuitability against Washington.  (Affidavit Exhibit A; Exhibit M)

28. Washington sought legal assistance from Capt. William J. Faber, USAF, a legal assistance officer assigned to RAF Alconbury.  (Affidavit Exhibit A; Exhibit M)

29. On or about 23 September 1982, Washington was interviewed by Capt James B. Rosenfeld, USAF MSC, a clinical social worker, who had a clinical impression that Washington suffered from a "mixed personality disorder with narcissistic passive-aggressive and paranoid features." (Exhibit M; Exhibit P)

30. On or about 14 October 1982, Washington was re-assigned as a Special Projects Worker by 1Lt Sandra J. Maxwell, Commanding Officer 10th Combat Support Group. (Affidavit Exhibit A)

31. On 10 January 1983, Washington was charged with two counts of violation of Art. 134 UCMJ:

a. Use of a Controlled Substance; and

b. Solicit to Transfer a Controlled substance.

(Charge Sheet, Exhibit B)

32. On 13 January 1983, a Special Court Martial was convened by Col. James M. Rhodes, Jr., Commanding Officer 10th Combat Support Group, 436th Air Base Group pursuant to Special Order No. A-3. (Exhibit C)

33. By terms of Spec. Ord No. A-3, the members of the Court Martial were:

a. Maj. R.M. Damron, President;

b. Maj. Brian M. Long;

c. Maj. Deonn M. Wall;

d. Capt. William F. Murray

e. 1st Lt. Christopher A. Matson

f.  1st Lt. Marcus A. Caudill; and

d. Maj. Ronald M. Marquette, Military Judge

(Exhibit C)

34. By terms of Spec. Ord No. A-3, Maj. Michael G. McCormick was appointed trial counsel. (Exhibit C)

35. Capt William J. Faber was initially appointed defense counsel. Due a to a conflict between defense counsel and Washington, Capt. Richard C. Ourand was appointed defense counsel in lieu of Capt. Faber by terms of Spec. Ord No. A-3. (Exhibit C)

36. In November, 1982, before charges and specifications were made as described in paragraph (31) and Capt. Ourand had been appointed defense counsel in Washington's administrative discharge proceedings, Washington furnished Capt. Ourand with a list of former commanding officers and supervising non-commissioned officers who could testify to his good moral character. The names of those officers and non-commissioned officers were:

Chaplain Kenneth Truslow, Travis AFB, California

SMSGT Cecille R. Nettleton, USAF Ret.;

MSGT Joseph Avant,  RAF Alconbury, UK;

MSGT William Hutchinson, RAF Wethersfield, UK;

MSGT Archie Hale, 2nd Comm Sq Buckley Filed, Denver CO;

MSGT Walter E. Goodlow, Travis AFB CA;

MSGT Howard E. Hughes, Little Rock AFB, Little Rock, AR;

MSGT Jerry Ogden, RAF Alconbury, UK;

MSGT Kirby Love, RAF Alconbury, UK;

TSGT Bernard S. Mason, 1st Tactical Fighter Wing, Langley AFBM, VA.

(Affidavit Exhibit A, list Exhibit S)

37. Captain Ourand made no investigation into the availability of any of the officers or non-

commissioned officers named in paragraph (36) as character witnesses on behalf of Washington prior to trial.  (Affidavit Exhibit A)

38.  Captain Ourand failed to interview any of the officers or non-commissioned officers listed in paragraph (36),  nor did he attempt to secure the presence of any of the officers or non-commissioned officers listed in paragraph (36)  as defense character witnesses. (Affidavit Exhibit A)

39.  The Court Martial was convened on 25 January 1983.  Washington was present during all open sessions of the Court Martial.  (Transcript Exhibit D)

40.   Captain Ourand failed to file a motion for Bill of Particulars, stating the date, time and place of the events described in the Charge and Specifications.  Captain Ourand filed no notice of alibi and presented no alibi defense.  (Affidavit Exhibit A; Exhibit D)

41.  The Court Martial adjudged Washington guilty of Count II of Charges and Specifications on 26 January 1983, and sentenced Washington to be discharged with a bad conduct discharge, and reduced to the grade of E-1. (Exhibit E)

42.  Finding and Sentence were approved by the convening authority on 7 March 1983. (Exhibit E)

43. The U.S. Air Force Court of Military Review affirmed the convening authority on 27 July 1983. (Exhibit F)

44. Washington did not appeal the decision of the U.S. Air Force Court of Military Review.

45. Washington filed his writ of error coram nobis with the U.S. Air Force Court of Criminal Appeals on 6 July 2005. The writ of error coram nobis alleged that Washington was unconstitutionally convicted because of incompetence of counsel. The specifications of incompetence were

( a) failure to investigate and interview defense character witnesses listed by Washington;

( b) Failure to prepare an alibi; and

( c) Failure to file a bill of particulars.

(Exhibit U)

46. The U.S. Air Force Court of Criminal Appeals issued an order denying the writ petition on 15 August 2005. (Exhibit U)

47. Counsel for Washington sent a letter to the U.S. Air Force Court of Criminal Appeals on 31 October 2006 inquiring on the status of Washington's writ of error coram nobis petition. (Exhibit V)

48. Counsel for Washington sent a second letter to the U.S. Air Force Court of Criminal

Appeals on 8 December 2006 inquiring on the status of Washington's writ of error coram nobis petition. (Exhibit V)

49. Notice of the adverse decision of the U.S. Air Force Court of Criminal Appeals was served by e-mail on counsel for Washington on 16 November 2006. (Exhibit U)

50. Counsel for Washington did not receive the e-mail notice of adverse decision prior to 8 December 2006. (Exhibit X)

51. Counsel for Washington filed an appeal and writ petition with the U.S. Court of Appeals for the Armed Forces on 20 December 2006 that alleged the same constitutional errors listed in the original writ of error coram nobis petition submitted to the U.S. Air Force Court of Criminal Appeals. (Exhibit Y)

52. The U.S. Court of Appeals for the Armed Forces declined to hear the writ petition on 22 February 2007. (Exhibit Y)

53. The U.S. Supreme Court declined Washington's petition for writ of certiorari on 14 May 2007 (Exhibit Z)

54. Washington filed his application for change of discharge supported by the record of proceedings at his court martial and the record of proceedings on appeal and on writ of error

coram nobis on 20 August 2007. The application for change of discharge stated that

Washington's court martial conviction was unconstitutional because of incompetence of

counsel. The specifications of incompetence were:

    ( a) failure to investigate and interview defense character witnesses listed by Washington;

    ( b) Failure to prepare an alibi; and

    ( c) Failure to file a bill of particulars.

(Exhibit A; Exhibit T)


55. On 24 April 2008, the U.S. Air Force Board for Correction of Military Records denied

Washington's application for change of discharge. (Exhibit T)


56. Washington has exhausted all administrative and military remedies.


## COUNT I

(28 U.S.C. §701 et seq., Administrative Procedure Act)


57. The Plaintiffs incorporates paragraphs 1 through 56 by reference in this Count of

Complaint.


58. The Secretary of the Air Force and the U.S. Air Force Board for Correction of Military

Records, acting under color of authority through an apparent delegation of authority to the Board

for Correction of Military Records by the Secretary of the Air Force arbitrarily and capriciously

13

refused to find that the discharge of Melvert Washington, Jr., the Plaintiff, should be reopened and appropriate relief awarded, including issuance of an honorable discharge.

WHEREFORE, Plaintiff requests the Court review the decision of 24 April 2008, made by the U.S. Air Force Board for Correction of Military Records, set the decision of 24 April 2008 aside, award a change of discharge status to plaintiff from bad conduct to honorable, the costs of this action, and for all other proper relief.

## COUNT II

(28 U.S.C. §2201 and 2202 (Declaratory Judgments)

59. The Plaintiffs incorporates paragraphs 1 through 56 by reference in this Count of Complaint.

60. The Secretary of the Air Force and the U.S. Air Force Board for Correction of Military Records, acting under color of authority through an apparent delegation of authority to the Board for Correction of Military Records by the Secretary of the Air Force, arbitrarily and capriciously refused to find that the discharge of Melvert Washington, Jr., the Plaintiff, should be reopened and appropriate relief awarded, including issuance of an honorable discharge.

WHEREFORE, Plaintiff requests the Court review the decision of 24 April 2008, made by the U.S. Air Force Board for Correction of Military Records, issue a declaratory judgment that

14

the decision of 24 April 2008 was unlawful and not supported by the evidence submitted to the Board, declare that the Plaintiff is entitled to a change of discharge status from Bad Conduct to honorable, restoration of rank, the costs of this action, and for all other proper relief.

## COUNT III

### (5 U.S.C. §552a(d) (Privacy Act))

61. The Plaintiff incorporates paragraphs 1 through 56 by reference in this Count of Complaint.

62. At all times material to this count, the Algie Walker was the acting Executive Director of the U.S. Air Force Board for Correction of Military Records and the official custodian of records pertaining to the military service of the Plaintiff.

63. At all times material to this count, the Executive Director was the responsible officer for access to and disclosure of records for the Department of the Air Force as Executive Director of the U.S. Air Force Board for Correction of Military Records.

64. On or about 5 June 2005, Washington filed a request to amend and correct his service records to reflect that his Bad Conduct discharge was unlawfully and illegally granted, furnishing an affidavit setting forth the errors contained in the record of his discharge. (Exhibit A)

65. On or about 24 April 2008, Algie Walker, acting as custodian of Washington's records through Phillip E. Horton, chief examiner, reported that the U.S. Air Force Board for Correction of Military Records had denied his request for change of discharge. (Exhibit J)

66. The act of the Executive Director of the U.S. Air Force Board for Correction of Military Records was unlawful in one or more of the following particulars:

a. The Executive Director of the U.S. Air Force Board for Correction of Military Records failed to amend plaintiff's record to show that his Bad Conduct discharge was unlawful and illegal;

b. The Executive Director of the U.S. Air Force Board for Correction of Military Records failed to comply with Plaintiff's request to amend his service records to reflect such illegality and unlawfulness;

c. The Executive Director of the U.S. Air Force Board for Correction of Military Records failed to maintain the Plaintiff's service record with such accuracy, relevance, timeliness and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record;

67. The actions or failure to act on the part of the Executive Director of the U.S. Air Force

16

Board for Correction of Military Records were intentional.

68. The plaintiff has been damaged by the actions or failure to act of the Executive Director of the Board for Correction of Military Records in one or more of the following particulars:

a. Loss of a federal veterans preference;

b. Loss of a state veteran's preference;

c. Loss of benefits from the U.S. Department of Veterans Affairs for compensation and pension; and

d. Emotional and mental distress.

WHEREFORE, Plaintiff requests the following relief:

a. Judgment and an order of the court directing the Executive Director of the U.S. Air Force Board for Correction of Military Records to add to the plaintiff's records his affidavit and other evidence setting forth why his discharge was unlawfully and illegally given;

b. A correction of the plaintiff's records rescinding his Bad Conduct discharge and issuing an honorable discharge to the plaintiff based on the unconstitutional nature of his conviction;

c. Damages in an amount to compensate the plaintiff for the loss of economic benefits, and emotional and mental distress;

d. A reasonable attorney's fee; and  for all other relief.

DATED: _____8/6_____ 2008

Gary D. Berg, Esq. #4973
Widener University School of Law
Veterans Law Clinic
P.O. Box 7474
Wilmington, DE 19803–0474
Tel: (302) 477-2116

# DEPARTMENT OF THE AIR FORCE
## WASHINGTON, DC

**Office of the Assistant Secretary**

AFBCMR
1535 Command Drive
EE Wing 3rd Floor
Andrews AFB, MD 20762-7002

APR 2 4 2008

Mr. Melvert Washington, Jr
c/o Mr. Thomas J. Reed.
Widener Univ School of Law
P O Box 7474
Wilmington, DE 19803

Dear Mr. Washington

    Reference your application submitted under the provisions of AFI 36-2603 (Section 1552, 10 USC), AFBCMR Docket Number BC-2005-02137.

    After careful consideration of your application and military records, the Board determined that the evidence you presented did not demonstrate the existence of material error or injustice. Accordingly, the Board denied your application.

    You have the right to submit newly discovered relevant evidence for consideration by the Board. In the absence of such additional evidence, a further review of your application is not possible.

    BY DIRECTION OF THE PANEL CHAIR

PHILLIP E. HORTON
Chief Examiner
Air Force Board for Correction
of Military Records

Attachment:
Record of Board Proceedings

EXHIBIT T

APR 2 4 2008

RECORD OF PROCEEDINGS
AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS

IN THE MATTER OF:

MELVERT WASHINGTON, JR.

DOCKET NUMBER: BC-2005-02137

COUNSEL: THOMAS J. REED

HEARING DESIRED: YES

## APPLICANT REQUESTS THAT:

His bad conduct discharge (BCD) be upgraded to honorable.

By amendment, his rank of staff sergeant be restored.

## APPLICANT CONTENDS THAT:

His military defense counsel failed to investigate or call defense character witnesses to show his good military character. He was also incompetent in that he failed to challenge the specifications in the court-martial charges that were too vague to constitute notice of the time and date of the offense, nor did he file a motion for Bill of Particulars or investigate his alibi.

In support of his appeal, the applicant provides a counsel's brief, an affidavit, and documentation pertaining to his court-martial, including character reference statements.

Applicant's complete submission, with attachments, is at Exhibit A.

## STATEMENT OF FACTS:

Applicant initially enlisted in the Regular Air Force on 25 May 73 for a period of four years in the grade of airman basic (E-1). Prior to the matter under review, he was progressively promoted to the grade of staff sergeant (E-5).

On 25 Jan 83, he was tried by special court-martial for one specification of wrongful use of marijuana on divers occasions (between 1 Feb 82 and 30 Apr 82), and one specification of wrongfully soliciting a junior enlisted member to obtain marijuana and transfer it to him (between 1 Mar 82 and 31 May 82), both in violation of Article 134 of the Uniform Code

EXHIBIT T

of Military Justice (UCMJ). He pled not guilty to both specifications. On 26 Jan 83, he was convicted of the solicitation but not the use of marijuana. He was sentenced to a BCD and reduction in grade to airman basic (E-1). The Air Force Court of Military Review affirmed the findings and sentence on 27 Jul 83 and, after completion of the appellate review process, he was discharged with a BCD on 10 Feb 84. He was credited with 10 years, 9 months, and 16 days of total active service.

On 6 Jul 05, the applicant filed a petition with the Air Force Court of Criminal Appeals to set aside his court-martial conviction based on ineffective assistance of counsel at trial. The petition was denied on 15 Aug 05. The United States Court of Appeals for the Armed Forces affirmed that decision. He filed for a writ of certiorari to the United States Supreme Court, which was denied on 14 May 07, completing the appellate review.

On 20 Aug 07, counsel filed an addendum, with additional documents, to the applicant's 5 Jun 05 request for relief to the Board (Exhibit C).

---

AIR FORCE EVALUATION:

AFLOA/JAJM recommends denial indicating the applicant has failed to establish that, but for unprofessional errors upon the part of his defense counsel, there was a reasonable probability the outcome of his trial would have been different. In fact, he has failed to establish any deficiency in his defense counsel's representation at trial. To the contrary, under all the circumstances, defense counsel appears to have exercised sound legal judgment and made reasonable tactical decisions that provided meaningful and effective counsel to him at trial. He availed himself of all appellate rights to which he was entitled under the law in 1983. The appellate courts found his conviction and sentence correct in fact and law. His punishment was well-within legal limits and appropriate for the offenses committed. Moreover, his recent petitions to the courts for relief on the ground of ineffective assistance of counsel have all been denied. While clemency may be granted under the governing statute, he provides no justification for his request, and clemency is not warranted in this case. A BCD was an appropriate sentence and properly characterizes his service. In AFLOA/JAJM's view, there is no basis for upgrading the BCD.

A complete copy of the AFLOA/JAJM evaluation is at Exhibit D.

---

APPLICANT'S REVIEW OF AIR FORCE EVALUATION:

Counsel reviewed the advisory opinion and furnished a detailed response indicating the advisory opinion should be treated as an adversarial document. It structured its version of the facts of the applicant's case in a way most favorable to the Air Force and most unfavorable to the applicant's original argument. The errors made by his military defense counsel deprived the applicant of a fair trial as required by the Fifth and Sixth Amendments of the United States Constitution. While the Board is not empowered to change the applicant's court-martial conviction, it could change the sentence. Therefore, the Board should remove the punitive discharge and restore the applicant's rank.

Counsel's complete response, with attachments, is at Exhibit F.

---

THE BOARD CONCLUDES THAT:

1.  The applicant has exhausted all remedies provided by existing law or regulations.

2.  The application was not timely filed; however, it is in the interest of justice to excuse the failure to timely file.

3.  Insufficient relevant evidence has been presented to demonstrate the existence of error or injustice. We took notice of the applicant's complete submission in judging the merits of the case; however, we agree with the opinion and recommendation of the Air Force office of primary responsibility (OPR) and adopt its rationale as the basis for our conclusion that the applicant has not been the victim of an error or injustice. We find no evidence which indicates the applicant's BCD and reduction in rank, which had their bases in his conviction by special court-martial and were parts of the sentence of the military court, were improper or that they exceeded the limitations set forth in the Uniform Code of Military Justice (UCMJ). Furthermore, because of the seriousness of his misconduct; that is, his solicitation of a junior enlisted member to obtain marijuana and transfer it to him, we are not inclined to afford him any relief based on clemency at this time. In view of the foregoing, and in the absence of sufficient evidence to the contrary, we find no compelling basis to recommend granting the relief sought in this application.

4.  The applicant's case is adequately documented and it has not been shown that a personal appearance with or without counsel will materially add to our understanding of the issues involved. Therefore, the request for a hearing is not favorably considered.

---

EXHIBIT T

THE BOARD DETERMINES THAT:

The applicant be notified that the evidence presented did not demonstrate the existence of material error or injustice; that the application was denied without a personal appearance; and that the application will only be reconsidered upon the submission of newly discovered relevant evidence not considered with this application.

---

The following members of the Board considered AFBCMR Docket Number BC-2005-02137 in Executive Session on 3 Apr 08, under the provisions of AFI 36-2603:

    Ms. B. J. White-Olson, Panel Chair
    Ms. Janet I. Hassan, Member
    Ms. Yvonne T. Jackson, Member

The following documentary evidence was considered:

    Exhibit A.    DD Form 149, dated 5 Jun 05, w/atchs.
    Exhibit B.    Applicant's Master Personnel Records.
    Exhibit C.    Letter, counsel, dated 20 Aug 07, w/atchs.
    Exhibit D.    Letter, AFLOA/JAJM, dated 14 Sep 07.
    Exhibit E.    Letter, SAF/MRBR, dated 5 Oct 07.
    Exhibit F.    Letter, counsel, dated 29 Oct 07, w/atchs.

                        B. J. WHITE-OLSON
                        Panel Chair

## IN THE UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re | ) | Misc. Dkt. No. 2005-03 |
| | ) | |
| | ) | |
| | ) | |
| MELVERT WASHINGTON JR., | ) | ORDER |
| | ) | |
| Petitioner | ) | Panel No. 1 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Respondent | ) | |

On 6 July 2005, this Court received the petitioner's request for extraordinary relief in the nature of a writ of error coram nobis asking this Court to set aside the petitioner's January 1983 court-martial conviction based on ineffective assistance of counsel at trial. On 26 July 2005, we ordered the government to show cause and received their response on 5 August 2005. On 12 August 2005, we received the petitioner's reply to the government's brief. After full consideration of the petitioner's submission, the government's response thereto, and the petitioner's reply, we hold that the petitioner has failed to sustain his burden of establishing any entitlement to extraordinary relief. *See United States v. Frischolz*, 36 C.M.R. 306 (C.M.A. 1966).

Accordingly, it is by the Court this 15th day of August 2005;

ORDERED:

That the petitioner's request for extraordinary relief in the nature of a writ of error coram nobis is DENIED.

FOR THE COURT

OFFICIAL

_____R, TSgt, USAF
C_____istrator

EXHIBIT U



**United States Air Force Court of Criminal Appeals**
**112 Lake Avenue, Suite 343**
**Bolling AFB, District of Columbia 20332**
**(202) 767-1550**

### Certificate of Service

I certify that on 16 November 2006 a copy of the court documents listed below were transmitted electronically to the following:

THOMAS J. REED
tjreed@mail.widener.edu

### MOTIONS

| NAME | ACM# | PANEL | TYPE |
|------|------|-------|------|
| Washington | 2005-03 | 1 | Order dated 15 August 2005 regarding petitioner's request for extraordinary relief in the nature of a writ of error coram nobis. |

LOUIS T. FUSS, TSgt, USAF
Chief Court Administrator

EXHIBIT U

# Veterans Assistance Program

A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474

Room 219 School of Law
Prof. Reed Direct Dial Number:
302-477-2070

(302) 477-2090
Fax   (302) 477-2257
e-mail tjreed@mail.widener.edu

31 October 2006

TSGT Felicia M., Butler, USAF
Chief Court Administrator &
Acting Clerk of Court
Air Force Court of Criminal Appeals
112 Luke Ave. Ste. 343
Bolling AFB, DC 20032-8000

RE: Melvert Washington, Jr. v. United States, Misc. Dkt. No. 2005-03

Dear Sergeant Butler:

On 30 June 2005, I filed a Petition for Writ of Error Coram Nobis with your court. The U.S. Air Force promptly filed its answer and I filed our reply on 5 August 2005. I would appreciate a brief status report for Mr. Washington, since the case has been submitted to the Court for more than one year and he is concerned that perhaps the writ petition was lost administratively. Please call or e-mail if you have any questions.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

TJR:tjr
Encl:
Cy: USAFLSA/JAJG; Melvert Washington, Jr.

EXHIBIT V

# Veterans Assistance Program
### A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474

Room 428 School of Law
Direct Dial Number:
302-477-2070

Tel: (302) 477-2090
Fax:  (302) 477-2257
tjreed@mail.widener.edu

8 December 2006

TSGT Felicia M., Butler, USAF
Chief Court Administrator &
Acting Clerk of Court
Air Force Court of Criminal Appeals
112 Luke Ave. Ste. 343
Bolling AFB, DC 20032-8000

RE: Melvert Washington, Jr. v. United States, Extraordinary Writ Petition

Dear Sergeant Butler:

On 30 June 2005, I filed an Extraordinary Writ Petition with attachments and Brief in Support of Petition on behalf of Mr. Washington. The U.S. Air Force filed its principal brief in this and I filed our reply on 10 August 2005.

I have received no correspondence from the Court relating to Mr. Washington's petition since 10 August. On 30 October 2006, I requested a brief status report. I am renewing this request. My client is very concerned about the outcome of his petition and wonders if perhaps it was lost in the system somewhere. Please call or e-mail if you have any questions.

Please send an e-mail if it is too inconvenient to send written correspondence.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

TJR:tjr
Encl:
Cy: USAFLSA/JAJG; Melvert Washington, Jr.

EXHIBIT W

Printable Format

**Thomas Reed**

   Date : Mon, Dec 18, 2006 01:32 PM EST
   From : "Thomas Reed" <tjreed@mail.widener.edu>
     To : Louis.Fuss@pentagon.af.mil
Subject : Re: Washington

Sgt. Fuss:

Thank you for sending me the order.  This time, everything came through.

T. J. Reed


Please note my E-mail address change:
tjreed@mail.widener.edu


_____

Original E-mail
From: Fuss Louis TSgt AFLOA/JAH
Sent: 12/18/2006 01:26 PM
To: tjreed@mail.widener.edu
Subject: Washington


Professor Reed,

Here is the second attempt.


<>

V/r
Todd
L. Todd Fuss, TSgt, USAF
Chief Court Administrator
Air Force Court of Criminal Appeals
louis.fuss@pentagon.af.mil
112 Luke Avenue, Ste 205 (Physical) 343 (Mail)
Boling AFB, DC 20032
DSN 297-1553 Comm: 202-767-1553
Fax: DSN 754-6277 Comm 202-404-6277

EXHIBIT  X

12/18/2006

Printable Format

**Thomas Reed**
  **Date:** Tue, Dec 19, 2006 10:26 AM EST
  **From:** "Thomas Reed" <treed@mail.widener.edu>
  **To:** Louis.Fuss@pentagon.af.mil.
**Subject:** Melvert Washington, Jr. v United States No 2005-03

Sgt Fuss:
I note your certificate of mailing of the 15 August 2005 order of the court to
me.  Thank you for doing so.  Please check the Washington file and inform me
as to whether or not a copy of this order was sent to Mr. Washington or to
myself between 15 Aug 2005 and 18 Dec 2006.
T. J. Reed

Please note my E-mail address change;

tjreed@mail.widener.edu

EXHIBIT X

*United States Court of Appeals for the Armed Forces*

*Washington, D.C. 20442-0001*

RECEIVED

FEB 2007

Melvert                            )        USCA Dkt. No.   07-8006/AF
WASHINGTON, Jr.,                   )
          Appellant/Petitioner     )
                                   )
          v.                       )              O R D E R
                                   )
                                   )
                                   )
UNITED STATES,                     )
          Appellee/Respondent      )

          On consideration of the writ-appeal petition and

alternative extraordinary writ petition and

Appellant/Petitioner's motion to file petition and brief in GBC

binders, it is, by the Court, this 23rd day of January, 2007,

          ORDERED:

          That said motion is hereby granted; and

          That said petition is hereby denied.


                              For the Court,


                              /s/ William A. DeCicco
                                  Clerk of the Court


cc:  The Judge Advocate General of the Air Force
     Appellate Defense Counsel (REED, Esq.)
     Appellate Government Counsel


                              EXHIBIT Y

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

May 14, 2007

Clerk
United States Court of Appeals for the Armed
Forces
450 E Street, NW
Washington, DC  20442

      Re:  Melvert Washington, Jr.
          v. United States
          No. 06-10628
          (Your No. 07-8006) AF

Dear Clerk:

    The Court today entered the following order in the above-entitled case:

    The petition for a writ of certiorari is denied.

                    Sincerely,

                    William K. Suter, Clerk

EXHIBIT Z

DEPARTMENT OF THE AIR FORCE
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON, D.C.

JAJM

UNITED STATES            )
                         )
        v                )        ACM Misc Dkt No. 2005-03
                         )
                         )
Staff Sergeant.          )
Melvert Washington, Jr   )
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              )

RECEIPT

TO:  AFLOA/JAJM, 112 Luke Avenue, Room 343,
     Bolling AFB DC  20032-8000


        I have this date received a copy of the denial of Supreme Court in my case and a
copy of the letter of The Judge Advocate General transmitting this denial.


Signature

8-2-07
Date of Signature

EXHIBT Z

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MELVERT WASHINGTON, JR.

**DEFENDANTS**

SECRETARY OF THE AIR FORCE

(b) County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary D. Berg, Esq. #4973
Widener University School of Law
Veterans Law Clinic
P.O. Box 7474 Wilmington, DE 19803-0474

Attorneys (If Known)
Colm F. Connolly U.S. Attorney
1007 N. Orange St. Ste 700
P.O. Box 2046
Wilmington, DE 19899-2046

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| | N/A | | | | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

Appeal of AFBCMR

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Proceeding under 5 U.S.C. § 522a(d) & 28 U.S.C. § 1331 on appeal from the USAF Board for Correction of Military Records

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

None

DATE
6 August 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

#4973

_____8|7|08_____          X _____Gray Boyl Esq_____
(Date forms issued)              (Signature of Party or their Representative)

#4973

              X ___Gary Berg Esq___
                 (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action